United States District Court
Western District of Texas
Midland/ Odessa Division

Jonathan King

v.  No. 7:21-cv-204

Ranger Energy Services, LLC
and Bravo Wireline, LLC f/k/a
Mallard Completions, LLC

# Original Complaint

Plaintiff, Jonathan King, files this Original Complaint against Bravo Wireline, LLC, formerly known as Mallard Completions, LLC ("**Bravo**" or "**Mallard**"), and Ranger Energy Services, LLC ("**Ranger**") (collectively "**Defendants**"), and pleads as follows:

## Summary

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "**FLSA**") for Defendants' misclassification of Plaintiff, a "wireline engineer," as exempt from the overtime requirements of the FLSA and their resulting failure to pay him time and one-half his regular rates of pay for all hours worked over 40 during each seven-day workweek from

approximately November of 2018 through April of 2020.

2. In addition, Plaintiff seeks to hold Bravo and Ranger jointly and severally liable as "employers," as defined by 29 U.S.C. § 203(d).

3. Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## Parties

### A. Plaintiff Jonathan King

4. Plaintiff, Jonathan King, is an individual resident of Wichita Falls, Wichita County, Texas and a former employee of Defendants.

5. Plaintiff worked as a "wireline engineer" for Defendants from approximately November 2018 to April 2020. Defendants classified Plaintiff's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of 40 in a given seven-day workweek. Plaintiff typically worked between 16 to 19 hours (or more) each workday and between 112 to 133 hours (or more) each seven-day workweek. In addition, Plaintiff received a service ticket bonus tied to successfully completing servicing revenue.

### B. Defendant Bravo Wireline, LLC f/k/a Mallard Completions, LLC

6. Bravo Wireline, LLC, formerly known as Mallard Completions, LLC is a Delaware limited liability company registered to do business in the State of Texas, with its principal office at 800 Gessner, Ste. 1000, Houston, Texas 77024.

7. Bravo's assumed name is PerfX Wireline Services.

8. During all relevant times to this lawsuit, Bravo did business in the State of Texas.

9. Bravo maintains a yard in Midland, Texas from which it offers wireline services to the oilfield industry.

10. At all times relevant to this lawsuit, Bravo has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times relevant to this lawsuit, Bravo employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

12. Furthermore, Bravo employed two or more employees who

regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

13. At all times relevant to this lawsuit, Bravo has had annual gross sales or business volume in excess of $500,000.

14. Bravo may be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### C. Defendant Ranger Energy Services, LLC

15. Ranger Energy Services, LLC is a Delaware limited liability company registered to do business in the State of Texas, with its principal office at 800 Gessner, Ste. 1000, Houston, Texas 77024.

16. During all relevant times to this lawsuit, Ranger did business in the State of Texas, providing products and services in the oil and gas industry throughout the United States.

17. At all times relevant to this lawsuit, Ranger has been an "enterprise engaged in commerce" as defined by Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times relevant to this lawsuit, Ranger employed, and continues to employ, two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials

that have been moved in or produced for commerce by any person, within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

19. Furthermore, Ranger employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

20. At all times relevant to this lawsuit, Ranger has had annual gross sales or business volume in excess of $500,000.

21. Ranger may be served via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

22. Hereinafter, Bravo and Ranger will collectively be referred to as "**Defendants**". Defendants are joint employers pursuant to 29 C.F.R. § 791.2. Because of Defendants' joint operating control over Plaintiff, Defendants are responsible, jointly and severally, for compliance with all of the applicable provisions of the FLSA, including overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## Jurisdiction and Venue

23. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

24. During all times relevant to this lawsuit, Defendants have done and continue to do business in the State of Texas and their principal offices are located in the State of Texas.

25. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely 29 U.S.C. §§ 201-219.

26. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district. Plaintiff was employed by Defendants in this District, and at all relevant times, Defendants transacted business in this District.

27. Venue is proper in the Midland Division of the United States District Court for the Western District of Texas because, a substantial part of the events giving rise to Plaintiff's claims occurred in this Division and Defendants maintained or maintain business operations within the Midland Division.

## Factual Background

28. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29. During his tenure with Defendants, Plaintiff primarily provided wireline oilfield services and related work as an employee of Defendants. Plaintiff's primary work was manual labor in connection with oilfield work, and he primarily performed work in and around Midland County, Texas. At all times relevant, Defendants provided Plaintiff with housing, typically at a hotel, apartment or "man-camp", depending on the specific location of his work in a given week.

30. Plaintiff's primary job duties include(d) driving, or riding in, the company provided pick-up trucks, operating the wireline truck for wireline operations, assembling and dissembling guns and tools, and communicating with his supervisors.

31. Plaintiff's job duties were routine and primarily consisted of manual labor. He relied on his hands, physical skills, and energy to perform manual and routine labor in the oilfield on a daily basis.

32. During the relevant times, Plaintiff's pay stubs had Ranger's name on them, and Plaintiff's benefit plan was through Ranger, but Plaintiff worked under the "Mallard" brand, as Mallard's name was on all of the job tickets and trucks.

33. Plaintiff worked as a "wireline engineer" for Defendants

from approximately November 2018 to April 2020. Defendants classified Plaintiff's position as exempt from the overtime requirements of the FLSA and did not pay him overtime for hours worked in excess of 40 in a given seven-day workweek. In addition, Plaintiff received a service ticket bonus tied to successfully completing servicing revenue.

34.   At all times relevant to this lawsuit, Plaintiff worked long hours. Specifically, Defendants regularly scheduled Plaintiff for twelve-hour or fourteen-hour shifts; however, he typically worked 16 to 19, or more, hours each workday. Plaintiff's typical workday started at the company provided housing where his crew assembled, loaded tools, equipment and supplies, if needed, then together proceeded to drive to the jobsite, where they began their scheduled 12 (or 14)-hour shift. In addition, on days Plaintiff had to cover for another employee, he may work 24 to 48 (or more) hours straight.

35.   Defendants did not make, keep or require an accurate record of hours worked by Plaintiff on a daily basis during the relevant time period.

36.   As such, Plaintiff was a non-exempt employee under the FLSA during his term of employment, and when he worked more than

40-hours in a seven-day workweek, he was entitled to be paid overtime premium compensation at one and one-half times his respective regular rate of pay. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325. Further, Plaintiff's bonuses should be factored into his regular rate when determining Plaintiff's overtime rate.

## FLSA Claims

37. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

38. All conditions precedent to this suit, if any, have been fulfilled.

39. Defendants are/were joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At relevant times, Bravo and Ranger were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

41. At relevant times, Bravo and Ranger were enterprises engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

42. Plaintiff was an employee of Defendants. 29 U.S.C. § 203(e).

43. Defendants paid Plaintiff a salary.

44. In addition, Plaintiff received a service ticket bonus tied to

successfully completing servicing revenue.

45. Plaintiff regularly worked in excess of 40-hours per seven-day workweek as an employee of Defendants during the time period relevant to this lawsuit.

46. Under the FLSA, employers must pay their employees overtime wages if employees work more than forty hours a week. However, the FLSA overtime provision does not apply with respect to any employee employed in a bona fide executive, administrative, or professional capacity. *Pye v. Oil States Energy Services, LLC*, 233 F. Supp. 3d 541, 556–57 (W.D. Tex. 2017). Defendants bear the burden to show plaintiff was exempt. *Id.* at 557 (W.D. Tex. 2017).

47. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.325.

48. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

49. The regular rate of pay for Plaintiff must be calculated by

considering his hourly rate, even though he was paid on a salary basis. 29 C.F.R. §§ 778.108-109, 778.113-114, 778.325.

50. During the relevant time period, Defendants did not make and keep an accurate record of all hours worked by Plaintiff as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2.

51. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). For example, Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA. The decision and practice by Defendants to not pay Plaintiff overtime was neither reasonable nor in good faith. Accordingly, Plaintiff is entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one and one-half times his regular rate of pay, plus liquidated damages, attorney's fees, costs, post judgment interest and all other damages available for Defendants' willful failure to pay overtime wages owed.

52. Plaintiff specifically pleads recovery for the time period of three years preceding the date of filing of this lawsuit.

## Jury Demand

53. Plaintiff demands a jury trial on all matters properly triable thereto.

## Damages and Prayer

54. Plaintiff asks that the Court award him a judgment against Defendants, jointly and severally, for the following:

    a. All damages allowed by the FLSA, including back overtime wages;

    b. Liquidated damages in an amount equal to back FLSA mandated wages;

    c. Legal fees;

    d. Costs;

    e. Post-judgment interest;

    f. All other relief to which Plaintiff is entitled.

[Signature page follows]

Dated November 2, 2021

                        Respectfully submitted,

                        /s/ *Alyssa S. Turner*

| | |
|---|---|
| John M. Rogers | 17177250 |
| Alyssa S. Turner | 24093784 |

ROGERS, LLP
409 West 4th Street, Ste. 102
Post Office Box 2530
Weatherford, TX 76086
817.341.9300
817.341.9301 fax
john.rogers@rogersllp.com
alyssa.turner@rogersllp.com

Attorneys for Plaintiff

13